## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ANTONIO JOHNSON**                                                              **PLAINTIFF**
**ADC #104400**

**v.**                                    **No: 4:18-cv-00345 KGB-PSH**

**BRANDON GRIMES,** *et al.*                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Antonio Johnson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 23, 2018, while incarcerated at the Arkansas Department of Correction's Delta Regional Unit (Doc. No. 2).  Johnson sues Captain Brandon Grimes and the administration of the White County Detention Center.  Johnson was subsequently granted leave to proceed IFP and was ordered to file an amended complaint describing the conditions he endured while on lockdown, how he was injured, and why he sues defendants in their official capacities only.  Doc. No. 3.  Johnson subsequently amended his complaint.  Doc. No. 4.

Johnson's amended complaint indicates that he is suing Grimes in his official capacity because he "is part of the White County Jail Administration and should know that the conditions I was confined to in the White County Jail was unconstitutional."  Doc. No. 4.  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."  *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Thus, a suit against the defendants in their official capacities is in essence a suit against the County itself.  *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998).  A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor.  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013).  Accordingly, the defendant county employees can only be held liable in their official capacities in this case if Johnson can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).  "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."  *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). To establish municipal liability through an unofficial custom, a plaintiff must demonstrate

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.

*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014).

Johnson does not assert that a custom or policy of White County was the moving force behind the claimed violations of his constitutional rights.  Accordingly, his complaint fails to state a claim upon which relief may be granted and should be dismissed.

For the reasons stated herein, it is recommended that:

1.    Johnson's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 26th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE